THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROCKBROOK PLACE TOWNHOMES ASSOCIATION, INC.,<br><br>*Plaintiff and Counter-Defendant*,<br><br>V.<br><br>LIO INSURANCE COMPANY,<br><br>*Defendant and Counter-Plaintiff*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-cv-1021 |

**DEFENDANT AND COUNTER-PLAINTIFF LIO INSURANCE COMPANY'S**
**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant and Counter-Plaintiff LIO Insurance Company ("LIO" or "Defendant") hereby removes the action styled and numbered *Rockbrook Place Townhomes Association, Inc. v. LIO Insurance Company*, Cause No. 24-9705-431, pending in the 431st Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## INTRODUCTION

1. Plaintiff and Counter-Defendant Rockbrook Place Townhomes Association, Inc. ("Plaintiff") commenced this lawsuit on October 11, 2024 by filing Plaintiff's Original Petition ("Petition") in the 431st Judicial District Court of Denton County, Texas, in a case styled *Rockbrook Place Townhomes Association, Inc. v. LIO Insurance Company*, Cause No. 24-9705-431. The address of that court is 1450 E McKinney Street, 4th Floor, Denton, TX 76209.

2. This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by LIO for physical damage allegedly sustained as the result of a hailstorm event

occurring during the terms of the policy (the "Claim").[1]

3. Plaintiff's Petition, which includes a jury demand, names LIO as the only defendant in this action.

4. LIO's registered agent for service was served with Plaintiff's Petition on October 18, 2024. LIO files this its Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

### A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and LIO.

7. Based on information and belief, Plaintiff is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Texas.[2] Thus, Plaintiff's state of incorporation is Texas. Plaintiff's principal place of business is Texas.[3] Therefore, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.[4]

8. Defendant LIO, an insurance carrier, is a corporation organized under the laws of

---

[1] *See* Exhibit D [Plaintiff's Original Petition] at ¶ 8.

[2] *See* Exhibit K.

[3] *See id.*; in addition,

[4] *See* Exhibit D [Plaintiff's Original Petition] at ¶ 2.

the State of Arizona.[5] Thus, LIO's state of incorporation is Arizona. LIO's principal place of business is in West Conshohocken, Pennsylvania.[6] Consequently, LIO is a citizen of the state of Arizona and Pennsylvania.

9. Because Plaintiff and LIO are citizens of different states, complete diversity of citizenship exists between Plaintiff and Defendant now and on the date Plaintiff filed this lawsuit.

## B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.

10. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, LIO's burden is satisfied.[7]

11. Here, Plaintiff's Original Petition states that Plaintiff seeks monetary relief of more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.[8] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

12. Thus, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[5] *See* Exhibit J [NAIC Search Results].

[6] *See id*.

[7] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[8] *See* Exhibit D [Plaintiff's Original Petition] at 14 (Plaintiff's Prayer).

## III.
## CONCLUSION

13. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Denton County, Texas after LIO's filing of this Notice.

15. As required by 28 U.S.C. § 1446(a), and Local Rule CV-81, a copy of each of the following are attached to (or filed with) this Notice:

a. A list of parties in the case and their party type, attached hereto as **Exhibit A**;

b. A civil cover sheet, attached hereto as **Exhibit B**;

c. A copy of the state court docket sheet, attached hereto as **Exhibit C**;

d. A copy of Plaintiff's Original Petition, attached hereto as **Exhibit D**;

e. Defendant's Original Answer, Defenses, and Counterclaim to Plaintiff's Original Petition, attached hereto as **Exhibit E**;

f. Plaintiff's Answer to Defendant's Counterclaim, attached hereto as **Exhibit F**.

g. A List of Attorneys involved in the action, attached hereto as **Exhibit G**;

h. A record of which parties have requested trial by jury, attached hereto as **Exhibit H**; and

i. The name and address of the court from which the case is being removed, attached hereto as **Exhibit I**.

j. A screen-capture of results after searching for LIO Insurance Company in the National Association of Insurance Commissioners' ("NAIC") website as **Exhibit J**.

k. A Franchise Tax Account Status report for Rockbrook Place Townhomes Association, Inc. created by the Texas Comptroller of Public Accounts as **Exhibit K**.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given

to all adverse parties promptly after the filing of this Notice.

17. For the foregoing reasons, Defendant LIO Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

By: *_/s/ Michael P. O'Brien_*
Steven J. Badger
Texas Bar No. 01499050
sbadger@zellelaw.com
Michael P. O'Brien
Texas Bar No. 24103418
mobrien@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF LIO INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on November 18th, 2024 as follows:

Shannon E. Loyd
Texas Bar No. 24045706
shannon@lp-lawfirm.com
Robert A. Pollom
Texas Bar No. 24041703
robert@lp-lawfirm.com
**Loyd & Pollom, P.L.L.C.**
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: 210-775-1424

**ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT**

*/s/ Michael P. O'Brien*
Michael P. O'Brien