IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROCKBROOK PLACE TOWNHOMES ASSOCIATION, INC. | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action No. 4:24-cv-1021 |
| | § | |
| LIO INSURANCE COMPANY | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S AMENDED COMPLAINT AND ANSWER TO DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE SEAN D. JORDAN:

Plaintiff, ROCKBROOK PLACE TOWNHOMES ASSOCIATION, INC., files this Amended Complaint against LIO INSURANCE COMPANY (referred to herein as "LIC") and in support thereof would show as follows:

**DISCOVERY CONTROL PLAN LEVEL**

1. Discovery will be conducted according to the Federal Rules of Civil Procedure, local rules, and any scheduling order of the Court.

**PARTIES AND SERVICE**

2. Plaintiff is doing business in Denton County, Texas.

3. Defendant, **Lio Insurance Company**, is a foreign insurance company doing business in the State of Texas and has already appeared and made answer herein.

**JURISDICTION AND VENUE**

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 even though Defendant failed to properly prove the amount in controversy in its Removal. Jurisdiction is appropriate pursuant to 20 U.S.C. §1332 based upon the complete diversity of the parties.

5. Venue in this Court is proper pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002 because a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas, and all the real property that is the subject of this action is situated in Denton County, Texas in the Eastern District of Texas, Sherman Division.

**BACKGROUND FACTS**

6. Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"), which was issued by LIC. Plaintiff owns the insured Property which is located in Lewisville, Texas 75067. (hereinafter collectively referred to as "the Property"). LIC sold the Policy insuring the Property to Plaintiff. LIC has the insuring agreement listing Plaintiff's address and number of buildings.

7. LIC promulgated the Policy for Plaintiff's Property. Plaintiff's premium totaled over $115,000.00. LIC accepted coverage of the Property and Plaintiff's premium payment.

8. During the terms of said Policy, Plaintiff's Property sustained covered losses when a hail/windstorm damaged the Property, and Plaintiff timely reported same to LIC pursuant to the terms of the Policy. As required by the Policy, Plaintiff provided notice of loss. The Policy's duties do not require Plaintiff to "make a claim" for a certain type of damage. Plaintiff asked that LIC cover the cost of repairs to the Property pursuant to the Policy. LIC failed to conduct a full, fair and reasonable investigation of Plaintiff's covered damages.

Initially, LIC failed to have a licensed insurance adjuster investigate and adjust Plaintiff's claim. Instead, LIC hired Haag Engineering, known to favor carriers, to investigate Plaintiff's damage.[1] On February 7, 2023, LIC sent Plaintiff a denial letter claiming that its property did not sustain any covered hail damage during the coverage period for the policy from the claimed date of loss and cause of loss. LIC has kept and has in its possession a claim file which *extensively* details the Plaintiff's claim and its investigation, adjustment and subsequent denial of the claim.

9. After LIC denied any coverage and payment, Plaintiff hired a public adjuster ("PA") to get its claim paid and avoid litigation. The PA requested LIC's reports, photos and other information to determine if the parties could come to an agreement about the scope of the damages to Plaintiff's property, but LIC refused to provide all the requested information and documents, including photos of Plaintiff's Property and inspection reports. LIC claims that it also hired an independent adjuster, Stephen Haar with Compass Adjusting Services, to investigate Plaintiff's Property. LIC claims he found no hail damage like Haag but stated he found wind damage. However, LIC never investigated or scoped the wind damage, which violates the policy and Defendant's duties to timely and reasonably investigate under the Texas Insurance Code. LIC told Plaintiff it would have to "make a claim" for wind damage, which is not what the Policy states:

> **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

[2] Without question, wind and hail frequently happen in a single storm.

10. By information and belief, LIC's engineer report was not prepared in good faith, and LIC did not reasonably rely on unbiased experts. Instead, it chose experts it knew would support the denial. The engineer admitted that hail was present at the Property. But Haag missed

[1] *See State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 448 (Tex. 1997)

[2] [Dkt. 4-1, p. 39]

the wind damage that Defendant's adjuster subsequently identified. Instead of investigating further, LIC denied Plaintiff's claim. Simply put, LIC washed its hands of Plaintiff's claim. This was clearly an outcome-oriented investigation which was wholly unreasonable, and LIC knew it but relied on these experts anyway.

11. Plaintiff's PA provided documents, complete with weather data, expert reports, an estimate and photographic evidence proving that Plaintiff's Property had suffered hail and wind damage during the Policy period. Plaintiff's PA presented all of these in a demand letter a to LIC which included a signed sworn proof of loss on April 17, 2023. However, LIC ignored the documents and photos and refused to consider their veracity. The PA also requested that LIC provide the basis for ignoring the weather data and other information he had provided, but no response was given other than Defendant would rely on its engineers. In fact, LIC had a law firm, Lewis Brisbois Bisgaard & Smith, send a letter to Plaintiff rejecting Plaintiff's sworn proof of loss on May 12, 2023, and making the illusory and obligatory statement:

> roof damage due to hail. If you have any data, reports, or documentation that speaks to causation, please forward at your earliest convenience for our review. Should you wish to discuss further,

. But Plaintiff had already sent the "data, reports, or documentation that speaks to causation" in its demand package. In fact, Defendant's attorney informed Plaintiff Defendant already considered Plaintiff's best evidence:

> With regard to the sampling of roofs, Rockbrook had the opportunity to present its damages. We understand that Rockbrook's representatives presented the most severe of the claimed damage, which our engineer determined was not caused by hail.

As of May 12, 2023, it was clear that LIC had no intention of changing its claim decision.

12. Thereafter, LIC reinspected Plaintiff's Property on August 2, 2023, and then in a letter to Plaintiff on November 27, 2023, informed Plaintiff that it was again standing on its denial.

13. Because LIC refused to share its photos and reports, rejected Plaintiff's demand

which included weather data, expert reports, an estimate and photographic evidence and stood on its denial, Plaintiff hired counsel to pursue its legal rights and paid $12,750.00 for an inspection, opinions and an estimate. As detailed in the paragraphs below, LIC failed to fully investigate and adjust all damages associated with the loss, and LIC wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, LIC delayed and continues to delay in the payment for all the covered damages to the Property.

14. On July 17, 2024, a pre-suit notice letter was sent to LIC pursuant to the requirement of Texas Insurance Code Chapter 542A.003. During the 61-day period before Plaintiffs filed suit, LIC requested and received a reinspection pursuant to Chapter 542A, but did not make any meaningful effort to resolve the dispute.

## COUNT I
## BREACH OF CONTRACT FOR FAILURE TO INVESTIGATE AND AFFORD COVERAGE

15. Plaintiff was entitled to benefits under the Policy for the losses described herein, and LIC was obligated to pay the Plaintiff's claims for the subject losses. LIC failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy as detailed by numerous violations outlined in paragraphs 7-12. LIC refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. All conditions precedent to filing this lawsuit have been carried out and accomplished by Plaintiff or there was insufficient time before limitations would expire.

16. Plaintiff is covered under the Policy and renewal Policy for all claims asserted against LIC. LIC's failure and/or refusal, as described above, to pay Plaintiff adequate policy

benefits as it is obligated to do under the terms of the Policy in question, and under the law, constitutes a breach of the insurance contract with Plaintiff.

17. As a result of LIC's breach of contract, Plaintiff was damaged financially. Plaintiff has incurred and will continue to incur substantial attorneys' fees, court costs, claim expenses and other expenses in the bringing of this action. LIC is obligated to pay all claims, litigation costs, attorney fees, consequential damages and any judgment or settlement money for Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for compensatory, incidental and consequential damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## COUNT II
## VIOLATIONS OF CHAPTER 541.060(a)(7) OF THE TEXAS INSURANCE CODE

18. Under Section 541.060(a)(7), it is a violation if a carrier refuses to pay a claim without conducting a reasonable investigation with respect to the claim. This provision of the Insurance Code can be violated negligently or intentionally – it is typically within the purview of the jury to decide which. *See* TEX. INS. CODE Sec. 541.152(b) (on a finding by the trier of fact that the defendant knowingly committed the act complained of the trier of fact may award an amount not to exceed three times the amount of actual damages.) Violations of Chapter 541 follow a "producing" causation burden of proof, not "proximate" causation. Further, if the jury finds that the policy entitles the insured to receive policy benefits and that the insurer's statutory violation resulted in the insured not receiving those benefits, the insured can recover the

benefits as "actual damages . . . caused by" the statutory violation. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018). The Fifth Circuit and lower federal courts have held that adjusters' direct actions are the most relevant factors in determining insurance code liability, and this holds true irrespective of whether such individual is actually employed by the insurer or merely acting as an independent contractor.[3]

19. As set forth and detailed above in paragraphs 7-12, LIC's conduct constitutes violations of Section 541.060(a)(7) for failure to conduct a reasonable investigaton of Plaintiff's claims. Texas law specifically recognizes that conducting an outcome-oriented investigation and/or relying on biased experts can be evidence of bad faith.[4]

20. As a result of LIC's violations of Section 541.060(a)(7) of the Texas Insurance Code, Plaintiff has been denied its rightful recovery under the Policy, and Plaintiff has been required to retain the undersigned counsel to prosecute this action to recover the proceeds of the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual, additional and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

---

[3] *See, e.g., Garza v. Geovera*, No. 13-CV-525, 2014 WL 66830, at *2 (S.D. Tex. Jan 18, 2014); *Rocha v. Geovera Specialty Insurance Co*., No. 13-CV-0589, 2014 WL 68648, at *2 (S.D. Tex. Jan. 8, 2014); see also *Gasch v. Hartford Indem. Co*., 491 F.3d, 278, 282 (5th Cir. 2007).

[4] *See, e.g., State Farm v. Simmons,* 963 S.W.2d 42 (Tex. 1998); *State Farm Lloyds v. Nicolau,*951 S.W.2d 444 (Tex. 1997)

## COUNT III
## VIOLATIONS OF CHAPTER 541.060(a)(2) OF THE TEXAS INSURANCE CODE

21. Under Section 541.060(a)(2), it is a violation for a carrier to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when its liability has become reasonably clear. Whether liability was reasonably clear is also typically within the purview of the jury to decide. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b).

22. LIC's conduct as set forth in paragraphs 7-12 above constitutes conduct that also violates Section 541.060(a)(2). Defendant's liability was reasonably clear from its first inspection of the Property. LIC inspected these obvious damages and yet refused to pay any policy benefits. To date, Defendant has still not effectuated a settlement of the claims. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual, additional and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT IV
## VIOLATIONS OF CHAPTER 541.060(a)(4)(A) OF THE TEXAS INSURANCE CODE

23. Under Section 541.060(a)(4)(A), it is a violation to refuse to affirm or deny coverage within a reasonable time. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b). As set forth above in paragraphs 7-12, LIC failed to timely accept Plaintiff's claim for coverage under the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual, additional

and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

**COUNT V**
**VIOLATIONS OF CHAPTER 541.060(a)(3) OF THE TEXAS INSURANCE CODE**

24. Under Section 541.060(a)(3), it is a violation to fail to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims.

25. As set forth above in paragraphs 7-12, LIC wholly failed to provide Plaintiff with a *reasonable* explanation for its denial of payment. Further, given that Defendant ignored evidence from the PA and manipulated evidence in a manner to support its denial of payment, its explanation for its denial is not reasonable. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual, additional and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

**COUNT VI**
**VIOLATIONS OF CHAPTER 541.060(a)(1) OF THE TEXAS INSURANCE CODE**

26. Under Section 541.060(a)(1), it is a violation to misrepresent one or more material facts and/or policy provisions relating to coverage. The allegations in paragraphs 7-12 above support Plaintiff's claims under Section 541.060(a)(1). Misrepresentations constitute a knowing/intentional violation of this Section.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual, additional and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

**COUNT VII**
**VIOLATIONS OF CHAPTER 542.055 OF THE TEXAS INSURANCE CODE**

27. As alleged in paragraphs 7-12 above, LIC failed to meet its obligations under the Texas Insurance Code Chapter 542.055 because it failed to timely acknowledge Plaintiff's claims, begin a reasonable investigation of Plaintiff's claims, and request all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. LIC also failed to timely pay the claim.

28. Texas' Chapter 542 Prompt Payment of Claims Act is a strict liability standard statute.[5] The statute requires only liability under the policy and a failure to comply with the timing requirements of the Act. There is no question that the Policy covers hail and wind damage; however, after the delay, full payment for repairs has not been issued. Defendant clearly failed to comply with the time requirements of the statute.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees, interest and costs.

**COUNT VIII**
**VIOLATIONS OF CHAPTER 542.056 OF THE TEXAS INSURANCE CODE**

---

[5] *Agredano v. LIC Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020)

29. Under Section 542.056, the insurer must notify the claimant in writing that it accepts or rejects the claim within the statutorily mandated time of receiving notice of Plaintiff's claims. LIC failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information as alleged above. These actions by LIC alleged in paragraphs 7-12 above constitute violations of Chapter 542.056 of the Texas Insurance Code.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees, interest and costs.

## COUNT IX
## VIOLATIONS OF CHAPTER 542.057 OF THE TEXAS INSURANCE CODE

30. It is a violation of Section 542.057 for a carrier to fail to timely pay a claim. As described above in paragraphs 7-12, LIC did not promptly pay undisputed claim benefits it knew were owed. As well, to date, Defendant has still failed to pay covered benefits as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees, interest and costs.

## COUNT X
## VIOLATIONS OF CHAPTER 542.058 OF THE TEXAS INSURANCE CODE

31. It is a violation of Section 542.058 if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, a carrier delays payment of the claim for a period exceeding for more than 60 days. LIC has had Plaintiff's

determination of the damages caused by hail and windstorm since early 2022. To date, Defendant has payed nothing on Plaintiff's claims. Thus, Defendant has violated Section 542.058 by delaying payment of claims beyond 60 days.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for actual damages and prompt payment penalties at five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees, interest and costs.

## COUNT XI
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32. From and after the time Plaintiff's claim was presented to LIC, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, as described above in paragraphs 7-12, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment.

33. LIC's liability was reasonably clear from its first inspection of the Property. Defendant inspected these damages and yet delayed in paying even the policy benefits. To date, Defendant has still not effectuated a settlement of the claims.

34. Further, LIC's failure, As described above in paragraphs 7-12, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment against Defendant LIC for compensatory damages, including all forms of loss resulting from the Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owed,

and exemplary damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with interest and costs.

## KNOWLEDGE

35. Each of the acts described in the above paragraphs, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

36. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

37. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees and consequential damages.

38. For noncompliance with the Texas Insurance Code Chapter 541, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, additional damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

39. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

40. For breach of the Texas common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

41. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## ADDITIONAL PLEADINGS

42. In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

43. The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

44. Because of Defendant's material breach of the policy, Plaintiff was excused from performing on the contract following Defendant's breach.

45. In the alternative, any other construction of the language of the policy is void as against public policy;

46. Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

47. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

48. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

49. In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

50. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

**<u>PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM</u>**

## I. Full Factual Background

51. On February 7, 2023, LIC sent Rockbrook a denial letter claiming that its property did not sustain any covered hail damage during the coverage period for the policy from the claimed date of loss and cause of loss. *See* Exhibit A.

52. While a demand for $4,571,086.26 in unpaid policy benefits was sent to LIC by Rockbrook's public adjuster on April 17, 2023, LIC wholly fails to inform the court that it was sent with a report, weather data, photos, an estimate and, more importantly, a signed, sworn proof of loss. *See* Exhibit B (proof of loss at pdf p. 11). That proof of loss was **rejected** by LIC on May 12, 2023 by the law firm of Lewis Brisbois Bisgaard & Smith on behalf of LIC. *See* Exhibit C. Despite Rockbrook's delivery of its report by a licensed Texas adjuster, weather data, photos, estimate and proof of loss, LIC's attorney's letter stated, in part,

> roof damage due to hail. If you have any data, reports, or documentation that speaks to causation, please forward at your earliest convenience for our review. Should you wish to discuss further,

*Id.* But Rockbrook had already sent the "data, reports, or documentation that speaks to causation" in its demand package; thus, the statement in LIC's attorney's letter was illusory and obligatory. *See* Exhibit B. Defendant LIC's attorney's rejection letter further stated,

> With regard to the sampling of roofs, Rockbrook had the opportunity to present its damages. We understand that Rockbrook's representatives presented the most severe of the claimed damage, which our engineer determined was not caused by hail.

*See* Exhibit C. These two sentences made clear to Rockbrook that LIC had no intention of changing its decision since LIC took the position that Rockbrook had already presented "the most severe of the claimed damage" or its best evidence of hail, so LIC was only going to accept its own engineer's findings that such "claimed damage" was not caused by hail.

53. LIC reinspected Rockbrook's property on August 2, 2023, and then in a letter to Rockbrook on November 27, 2023, informed Rockbrook that it was again standing on its denial.

54. Thereafter, Rockbrook hired its attorneys to pursue its legal rights since LIC denied the claim and then stood on that denial including rejecting Rockbrook's signed, sworn proof of loss. To pursue its legal rights, the Texas Insurance Code Chapter 542A requires Rockbrook to send a notice letter, which it did on July 17, 2024. *See* Exhibit D. To comply with Chapter 542A, Rockbrook incurred costs of $12,750.00 for its expert to investigate, inspect and estimate the damage. *See* Exhibit E. Rockbrook's letter is not a demand letter, contrary to LIC's assertion in its counterclaim:

> Sec. 542A.003. NOTICE REQUIRED. (a) In addition to any other **notice** required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written **notice** to the person in accordance with this section as a prerequisite to filing the action.

*See* Chapter 542A of the Texas Insurance Code (emphasis added).

55. In response to Rockbrook's notice letter, LIC through its new attorney requested a reinspection on August 6, 2024, after LIC had already reinspected in August of 2023 and again stood by its denial of the claim. *See* Exhibit F. Defendant LIC was utilizing its right to inspect pursuant to Chapter 542A.004 and pursuant to that statute, Rockbrook had to allow the inspection. *See* Exhibit F. After this inspection, neither Rockbrook nor its attorneys received any communication from LIC before the end of the 61-day notice period as set forth in Chapter 542A.

Because an impasse occurred in May of 2023 and again in November 2023, Rockbrook filed suit against LIC.

56. LIC's September 25, 2024 letter on which it relies was sent **eight days after** the 61-day notice period. Rockbrook's attorneys had already drafted the petition, and because no response was received during the 61-day notice period and LIC waived appraisal pursuant to case law in Texas, Rockbrook had a legal and factual basis to refuse LIC's late invocation.

57. In response to LIC's paragraph 29, Rockbrook denies that LIC's invocation of appraisal was valid or timely. Rockbrook was not required to "make a wind claim" because it complied with the policy and gave LIC "prompt notice of the loss or damage" pursuant to the policy's requirements of Rockbrook. *See* Defendant's Exhibit A, p. 49, Duties in the Event of Loss or Damage.

58. In response to LIC's paragraph 30, Rockbrook denies its property is located in a "catastrophe area as defined by the Texas Insurance Code." Rockbrook avers that it did comply with the policy's "Legal Action Against Us" provision. The policy's appraisal provision is not a condition precedent to a lawsuit.

**II.**

**Appraisal is not a condition precedent to a lawsuit.**

59. LIC has not argued, and it cannot credibly argue, that any part of LIC's policy **requires** that appraisal occur prior to suit being filed. The policy that LIC promulgated states that either party "may" make demand for appraisal. *See* Defendant's Exhibit A, p. 48. Appraisal is simply not a condition precedent by the plain language of the appraisal clause. *Id.* If appraisal is something either party "may" do rather than "shall" do, then it cannot legally be a condition precedent. *See PAJ, Inc. v. Hanover Ins. Co.,* 243 S.W.3d 630, 636 (Tex. 2008) (explaining that

conditions precedent are not favored in law and courts tend to construe contract provisions as covenants rather than as conditions); *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990) (In order to make performance specifically conditional, a term such as "if", "provided that", "on condition that", or some similar phrase of conditional language must normally be included.). Citing these two cases, the Fifth Circuit has held that language like the appraisal language in the policy did not create a condition precedent:

> **“If** the Indemnifying Party unreasonably withholds or delays its consent …then the Indemnified Party **may** settle or otherwise compromise the applicable claims in its sole discretion, and the Indemnified Party shall be entitled to initiate litigation against the Indemnifying Party to determine whether the Indemnifying Party unreasonably withheld consent . . . .”
>
> We agree with Sanchez that, by its terms, no conditional language in this provision frames a precondition for Sanchez's recovery. This paragraph principally obliges the indemnifying party, Crescent, not unreasonably to withhold or delay its grant of prior written consent. The **"if"** clause speaks to what Sanchez, the indemnified party, **may** do if the indemnifying party unreasonably withholds consent. Sanchez may then settle unilaterally and file suit for a definitive decision on the indemnifying party's unreasonableness. **This is the opposite of setting up a condition precedent against Sanchez.**[6]

*Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod.*, No. 20-20304, 2021 U.S. App. LEXIS 22680, at *20-21 (5th Cir. 2021) (emphasis added).

60. Because LIC has counterclaimed against Rockbrook asking the court to declare Rockbrook breached the contract, it should be noted that upon conferral and request, LIC’s counsel wholly refused to inform Rockbrook’s counsel of what part of the policy LIC claimed that Rockbrook breached. Multiple requests were made but ignored:

> *Why don't you copy and paste from the policy the language that you claim says that appraisal is a condition precedent to a lawsuit?*
>
> *Shannon E. Loyd*

---

[6] *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod.*, No. 20-20304, 2021 U.S. App. LEXIS 22680, at *20-21 (5th Cir. 2021) (emphasis added).

**From:** Steven Badger
Shannon, you have been around long enough to know that if invoked presuit it is a condition precedent to a lawsuit…

*I believe I made a very reasonable request. You threatened to sue my client for breach of contract. Once again, please copy and paste in an email to me the part of the policy that you claim holds that appraisal is a condition precedent to a lawsuit…As I'm sure you must be aware, basic contract law holds that no one, even a court, can add terms, conditions or words to policy…Thanks, and I look forward to reading the portion of the policy which you claim is a basis for suing my client for breach of contract.*

*Shannon E. Loyd*

**From:** Steven Badger
You sued my client for not breaching the contract for not performing its obligation of paying for covered damage under the policy language. Why can't I sue your client for breaching the contract in refusing to comply with the contractually required appraisal provision?

*See* Exhibit G. Defendant LIC is also seeking attorneys' fees even though its counsel never gave a responsive answer. But since LIC cannot legally recover attorneys' fees for breach of contract, it cannot use the Declaratory Judgment Act to attempt to seek them. Moreover, because LIC waived appraisal, its counterclaim is baseless.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein. Plaintiff further requests that, on final hearing, Plaintiff has judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. Based on the foregoing, Plaintiff also requests that the Court Defendant's request for declaratory judgment. Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against LIC, to which Plaintiff may be justly entitled.

Respectfully submitted,

LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Electronic Mail: shannon@lp-lawfirm.com

BY: ______________________________
SHANNON E. LOYD
State Bar No. 24045706
ROBERT A. POLLOM
State Bar No. 24041703

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of *Plaintiffs' Amended Complaint* was served on the attorney in charge for Defendant pursuant to the Federal Rules of Civil Procedure, on this 20th day of December, 2024 to:

Steven J. Badger
Michael P. O'Brien
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202

**ATTORNEYS FOR DEFENDANT**

______________________________
SHANNON E. LOYD